UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA RUIZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>MACY'S, INC.; MARISOL LOPEZ; and<br>DOES 1 to 50, Inclusive,<br><br>                                    Defendants. | Case No.:  3:26-cv-01111-GPC-VET<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO REMAND**<br><br>**[ECF No. 8]** |

This case involves injuries sustained by Plaintiff Sara Ruiz ("Plaintiff") due to allegedly unsafe escalator conditions at a Macy's retail store. ECF No. 8, at 3. Before the Court is Plaintiff's Motion to Remand. *See* ECF No. 8. Defendants Macy's Retail Holdings, LLC ("Macy's") and Schindler Elevator Corporation ("Schindler") have filed an opposition to Plaintiff's Motion, ECF No. 18, and Plaintiff has filed a reply, ECF No. 21. The Court finds that the matter is appropriate for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and VACATES the hearing set for June 26, 2026.

For the reasons set forth below, the Court concludes that Defendants have not met their burden of demonstrating fraudulent joinder and that complete diversity is therefore lacking. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

## BACKGROUND

This is a premises liability action arising from an allegedly dangerous escalator condition at a Macy's retail location. ECF No. 8, at 3. On March 25, 2025, Plaintiff filed her initial Complaint against Defendants Macy's, Marisol Lopez ("Lopez"), and Doe Defendants 1 through 50 in San Diego County Superior Court. ECF No. 1 at 2.[1] Plaintiff subsequently filed an Amended Complaint on April 7, 2025, alleging causes of action for general negligence and premises liability arising from injuries she allegedly sustained on an escalator in a Macy's store. *Id*.; *See* ECF No. 1-2, at 2-4.

The parties do not dispute that Lopez was employed by Macy's at the time of the incident. *See* ECF No. 1 at 3; ECF No. 8 at 3. Although Plaintiff's state court complaint is a form complaint and does not contain specific allegations regarding Lopez's role in the incident, ECF No. 1-2 at 2-4, Plaintiff contends in support of remand that Lopez was involved in store operations and safety and was responsible for guarding the escalators and placing barricades, caution signs, or "out of order" warnings to prevent customers from using unsafe equipment. ECF No. 8 at 3. Plaintiff further asserts that Lopez had notice of issues with the escalator and failed to take reasonable steps to prevent patrons from using it. *Id*. Plaintiff notes that she could amend her complaint to include these additional allegations if necessary. *Id*. at 6-7.

On August 7, 2025, Macy's answered Plaintiff's Amended Complaint. ECF No. 1 at 2. On November 21, 2025, Plaintiff again amended her complaint to add Schindler Elevator Corporation ("Schindler") as a defendant. *Id*. Schindler filed its answer on January 12, 2026. *Id*. at 3, 10. On January 23, 2026, Plaintiff served a Statement of Damages

---

[1] Page numbers are based on the CM/ECF pagination.

3:26-cv-01111-GPC-VET

seeking $108,630.03 in medical expenses, $300,000 in pain and suffering damages, and $150,000 in emotional distress damages. *Id*. at 3, 10.

On February 20, 2026, Macy's and Schindler removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. *Id* at 5-6. Defendants contend that Defendant Lopez's California citizenship should be disregarded because she was fraudulently joined. *Id*. at 3-4. Plaintiff moves to remand, arguing that complete diversity is lacking because both Plaintiff and Lopez are California citizens and Defendants have failed to establish fraudulent joinder. *See generally* ECF No. 8.

## LEGAL STANDARD

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Removal is governed by 28 U.S.C. § 1441 *et seq*. The removal statutes are to be "strictly construe[d] ... against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

"[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1). Complete diversity requires that the plaintiff's citizenship is diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham defendant or if the joinder is fraudulent. *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder is deemed fraudulent if the plaintiff fails to state a cause of action against the non-diverse defendant, and that "failure is obvious according to the settled rules of the

state." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe,* 811 F.2d at 1339).

Although the Court may consider evidence beyond the pleadings in evaluating fraudulent joinder, all disputed questions of fact and ambiguities in the controlling state law must be resolved in Plaintiff's favor. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176-77 (N.D. Cal. 2003). Fraudulent joinder is established only if the defendant shows that the non-diverse defendant "cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318. Thus, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)) (emphasis in original). A defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" in light of the "general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046.

Although the fraudulent joinder inquiry "shares some similarities with the analysis under Rule 12(b)(6)," the two standards "are not equivalent." *Grancare,* 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id*. Indeed, "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id*. at 550. Rather, the court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*.

In making this determination, "[t]he court's job is not to determine whether the plaintiff will actually or even probably prevail on [the] merits of his claim, but rather to evaluate whether there is any possibility plaintiff may do so." *Archuleta v. Am. Airlines, Inc.,* No. CV 00-1286 MMM-SHX, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). Thus, a non-diverse defendant is deemed a sham or fraudulently joined defendant only if,

3:26-cv-01111-GPC-VET

"after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)); *Bear Valley Family, L.P. v. Bank Midwest, N.A.,*  No. ED CV 10-905, 2010 WL 3369600, at *2 (C.D. Cal. Aug. 23, 2010) (stating that there is a presumption against fraudulent joinder, and any ambiguity of law or fact must be resolved in favor of remand).

The removing party bears the burden of proving a defendant has been fraudulently joined "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

## DISCUSSION

The parties do not dispute that Plaintiff Sara Ruiz and Defendant Marisol Lopez are both citizens of California. ECF No. 1, at 4-5; ECF No. 8 at 4. Defendants remove this action on the theory that Defendant Marisol Lopez's citizenship should be disregarded because she was fraudulently joined. ECF No. 1 at 3-7.[2] Accordingly, removal is proper only if Defendants establish fraudulent joinder. *See Grancare*, 889 F.3d at 548. Defendants argue that Lopez was fraudulently joined because Plaintiff has not alleged facts showing that Lopez owned, controlled, maintained, or repaired the escalator and because any duty Lopez owed to Plaintiff arose solely from her employment with Macy's. ECF No. 18 at 4-5. Defendants contend that Plaintiff's allegations regarding Lopez's responsibility for store safety and warning procedures are speculative and unsupported. *Id*. at 5. The Court is not persuaded.

---

[2] Defendants devote substantial portions of their opposition to the timeliness of removal and whether Plaintiff should be granted leave to amend. *See* ECF No. 18 at 6-10. Because the Court concludes that Defendants have failed to establish fraudulent joinder, and thus complete diversity is lacking, the Court need not reach those issues.

3:26-cv-01111-GPC-VET

Under California law, "[t]he elements of a negligence claim, and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016). Premises liability is grounded in possession and control of the premises, and "control is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Superior Ct.*, 76 Cal. App. 5th 487, 497 (2022) (internal quotations and citations omitted).

Defendants' argument that Lopez cannot be liable because she acted within the course and scope of her employment is not sufficient to establish fraudulent joinder. California law recognizes that an employee may be held personally liable for his or her own tortious conduct regardless of whether the employer may also be liable. *Frances T. v. Village Green Owners Assn.*, 42 Cal. 3d 490, 505 (1986) ("An agent is liable for his own acts, regardless of whether the principal is liable or amenable to judicial action."). Moreover, respondeat superior is "a doctrine of imputed liability, not a doctrine of immunity." *Amado v. Home Depot U.S.A., Inc.*, No. 1:24-cv-606-JLT-HBK, 2025 WL 309632, at *6 (E.D. Cal. Jan. 27, 2025) (quoting *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-ASx, 2015 WL 1285287, at *4 (C.D. Cal. Mar. 19, 2015)). Thus, the fact that Macy's may ultimately be liable for Lopez's conduct does not foreclose the possibility of individual liability.

In *Amado v. Home Depot U.S.A. Inc.*, the plaintiff brought negligence and premises liability claims against Home Depot and a non-diverse store manager after allegedly tripping over pipes in the store's garden department. 2025 WL 309632, at *1. Home Depot argued that the manager was fraudulently joined because she acted within the course and scope of her employment and because Home Depot would be liable for any negligence by its employee. *Id*. at *4-6. The court rejected that argument, concluding that the plaintiff was "entitled to pursue claims against [the employee] individually" and that the manager's

3:26-cv-01111-GPC-VET

potential indemnification by Home Depot was "not a bar to litigation against individual employees," *Id*. at *5-6. The court further found that, although the allegations against the manager lacked specificity, they were not "plainly lacking in merit" and therefore did not establish fraudulent joinder. *Id*. at *5. Other courts confronting similar premises liability actions have likewise rejected fraudulent joinder arguments where defendants disputed a non-diverse store manager's control, knowledge, or personal involvement in the alleged dangerous condition. *See Murdock v. Costco Wholesale Corp.*, No. EDCV 25-02200-MWF-MBK, 2025 WL 2985227, at *3 (C.D. Cal. Oct. 22, 2025); *Berryhill v. Costco Wholesale Corp.*, No. 2:23-cv-00315-WBS-AC, 2023 WL 3302869, at *2-3 (E.D. Cal. May 8, 2023); *Nieves v. Costco Wholesale Corp.*, No. 3:22-cv-00977-JD, 2022 WL 5199904, at *3 (N.D. Cal. Oct. 5, 2022).

The facts here are analogous to those in *Amadao* and similar cases. Plaintiff argues in her motion that Lopez was "responsible for store operations and safety" and "was responsible for guarding the escalators and placing barricades, caution signs, or 'out of order' warnings to prevent customers from using unsafe equipment." ECF No. 8 at 6. Plaintiff further argues that "Lopez had notice of issues with the escalator yet failed to take reasonable steps to prevent patrons from using it." *Id*. As in *Amado* and the cases cited above, Defendants dispute Lopez's control, knowledge, and personal involvement. But those arguments go to the merits of Plaintiff's claims and do not establish that Lopez cannot possibly be liable under any theory recognized by California law. At this stage, the Court must resolve all factual disputes and ambiguities in Plaintiff's favor. *Calero*, 271 F. Supp. 2d at 1176-77.

The fact that Plaintiff's claims against either Macy's or Ms. Lopez as currently pled in the state court form complaint may be deficient also does not support a finding of fraudulent joinder. *See* ECF No. 1-2 at 2-4. Fraudulent joinder is not established where the deficiency could possibly be cured through amendment. *Grancare*, 889 F.3d at 550.

3:26-cv-01111-GPC-VET

Plaintiff could conceivably amend her complaint to allege additional facts such as those included in Plaintiff's current motion, including allegations regarding Lopez's responsibilities, knowledge of escalator conditions, involvement in warning procedures, or failure to restrict customer access. Defendants have not shown that such amendment would be impossible or futile under settled California law.

Accordingly, the Court concludes that Defendants have failed to satisfy their heavy burden of demonstrating that Lopez was fraudulently joined. Because Lopez's citizenship must be considered for purposes of diversity jurisdiction, complete diversity is lacking, and remand is required.

### CONCLUSION

For the reasons set forth above, the Court concludes that Defendants Macy's and Schindler have not established that Defendant Marisol Lopez was fraudulently joined. Because Plaintiff Sara Ruiz and Defendant Marisol Lopez are both citizens of California, complete diversity is lacking, and this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** this action to the Superior Court of California, County of San Diego. The hearing set for June 26, 2026, is **VACATED**.

IT IS SO ORDERED.

Dated: June 16, 2026

Hon. Gonzalo P. Curiel
United States District Judge

3:26-cv-01111-GPC-VET